B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Elizabeth Doriis-Gustin | BANKRUPTCY CASE NO.<br>17-13981 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Boston | NAME OF JUDGE<br>Bailey, J. | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>03/30/2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Glenn F. Russell, Jr. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>    Elizabeth Doris-Gustin,<br><br>                          Debtor<br><br>Elizabeth Doris-Gustin,<br><br>                          Plaintiff<br>    v.<br><br>Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005-OPT4 | Chapter 13<br><br>Case No. 17-13981-FJB<br><br>ADVERSARY PROCEEEDING<br><br>No. ------------------------ |

DEBTOR'S COMPLAINT

NOW COMES Elizabeth Doris-Gustin, debtor/plaintiff ("Debtor") ,and who herein through counsel complains of the Defendant as follows:

1. Elizabeth Doris Gustin ("Debtor") is the debtor in the above captioned Chapter 13 case.

2. Debtor is a married individual that resides and maintains her domicile at, 8 Walker Lane, Dedham, MA 02027 ("the Property"). Therefore, the venue of the bankruptcy case and this proceeding is appropriate in this Court pursuant to 28 USC §§1408, 1409.

3. This is a core proceeding within the meaning of 28 USC §157, as it relates to the administration of the bankruptcy estate, determination of a claim by the estate and/or against the estate, and the adjustment of the creditor/debtor relationship.

4. This Court has jurisdiction and authority to enter a final judgment, to which Debtor consents, insofar as is constitutionally permissible. An Adversary Proceeding is required by Rule 7001

5. Debtor filed the underlying Chapter 13 Petition on October 25, 2017

6. As of the Date of this complaint, no confirmation order has entered.

7. Property of the Estate includes Debtor's domicile, as such Property is described above.

8. Defendant Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005-OPT4, ,purports that is a secured creditor of the bankruptcy estate, on the basis of the proof of claim filed on March 12, 2017, under Claim 1-1, with a principal business address at 1761 E, St. James Place, Santa Ana, CA 92705

9. On February 07, 2017, this Court allowed the debtor's Motion to Employ undersigned counsel (ECF Doc. #33)

10. On February 15, 2018, this Court Issued it Order to Update, setting March 02, 2018 as the date to comply.

11. Subsequent to this Court's Allowance of the undersigned to act as Special Counsel, a very close member of undersigned's family (Father) became critically ill, and counsel has been required to be in attendance at the hospital as he retains sole power of attorney, medical and financial, which emergency is ongoing.

12. On February 28, 2018, this Court Allowed the Debtor's Expedited Motion to Extend Time to Comply with Order to Update (ECF Doc. #42).

13. There is currently a hearing scheduled for April 05, 2018, on the Trustee's Motion to

Dismiss (ECF Doc. #38).

14. On March 30, 2018, Debtor filed her Motion to Allow Amended Chapter 13 Plan, with Proposed Plan Attached, and Certificate of Service.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. All of the foregoing paragraphs are incorporated at this point as if fully set forth hereunder.

16. At all times relevant, the Debtor, has been the fee simple owner of 8 Walker Lane, Dedham, MA ("the Property").

17. On or about September 23, 2005, the Debtor entered into a mortgage loan transaction, whereby she executed a Note specifically payable to H&R Block Mortgage Corporation ("HRBMC"), [see Proof of Claim 1-1, at p. 156].

18. On or about September 23, 2005, the Debtor also entered into a separate Security Interest Contract, represented by a "Mortgage", whereby the Debtor deeded a defeasible fee title interest to HRBMC, to secure the Note referenced in the above paragraph, [see Proof of Claim 1-1, at p. 141].

19. At paragraph 21 of the mortgage contract, defines "Acceleration Remedies". [see Proof of Claim 1-1, at p. 145].

20. Within the Defendants proof of claim, there is indisputable evidence that the Defendant "Accelerated" the Debtor's Note on or before August 25, 2007, through reference of another agent of Defendant Deutsche Bank [Connolly, Geaney, Ablitt, and Willard], [see proof of Claim 1-1, at p. 31].

21. Paragraph 21 of Debtor's Mortgage recites within the bargained for terms, that the "exercise of the statutory power of sale" is a remedy option that the "Lender" can exercise

under "Acceleration", i.e. the Note must be "accelerated" prior to utilizing the statutory power of sale [see Proof of Claim 1-1, at p. 145].

22. The Debtor possesses unique title to real property in the Commonwealth known to be "Registered Land", which is governed by G.L. c. 185, et. seq.

23. On January 23, 2007, a purported assignment is caused to be recorded upon the Debtor's Certificate of Title No. 125893, stating that HRBMC assigned the Debtor's mortgage [and note secured thereby] to Option One Mortgage Company, see proof of Claim 1-1, at p. 151].

24. On January 11, 2007, another purported "assignment" is recorded upon the Debtor's Certificate of Title No. 125893, stating that Option One Mortgage Company made a direct assignment to Deutsche Bank National Trust Company as Trustee for The Certificateholders of Soundview Home Loan Trust 2005-OPT4, Asset Backed Certificates, Series OPT4.

25. Thus, the January 11, 2007 assignment is indisputably executed by Option One Mortgage Company, prior to the January 23, 2007 assignment to Option One Mortgage Company.

26. The ancient Latin maxim would apply the above facts, nemo dat quod non habet, one cannot sell, convey or transfer, what one does not possess

27. The Massachusetts Supreme Judicial Court has identified that the mere recordation of a document upon a registry of deeds is for notice purposes only, and cannot transform an otherwise legally ineffective document to be legally valid, see Bevilacqua v. Rodrigues, 460 Mass. 762, 771 (2011).

28. The proffer of the Note with in the proof of claim contains two (2) purported "Allonges".

29. This Court has previously opined that an Allonge must be "physically attached" to the

note to be effective, see In re: Lilia Shapoval, Ca. No. 10-30175-HJB (Bankr. Mass. 2010).

30. While the second Allonge purports to be a "blank" indorsement, there is clear notation to "Investor" imprinted at the top of the document, see Proof of Claim 1-1, at p. 161.

31. Coupled with the order of assignments recorded upon the Debtor's Certificate of title to registered land, creates material issues of fact as to the validity of the current claimant's proof of claim.

### COUNT I – Declaratory Judgment; Objection To Claim

32. All of the foregoing paragraphs are incorporated at this point as if fully set forth hereunder.

33. Debtor's Note was "accelerated" at some point during 2008, as evidenced by the "acceleration remedy" elected by the Defendant Deutsche Bank, whereby on August 28, 2008, it caused to be published the statutory notice to enforce the statutory power of sale, as described within paragraph 22 of the Debtor's mortgage contract.

34. In 2006, the legislature amended the statutory language of G.L. c. 260, §33 [Obsolete Mortgage], specifically eliminating the fifty (50) year period, and setting out two (2) distinct remedies regarding the obsolescence of a mortgage.

35. Where the mortgage references no "maturity date" at all, that statute of limitations is thirty five (35) years from the "maturity date".

36. Where there is reference to a "maturity date" [note or mortgage] within the Securit2y Instrument, the statute of limitations is five (5) years from the "maturity date", unless an extension is filed by the Note owner.

37. The SJC undertook statutory construction of G.L. c. 260, §33, and determined that the

statutory language regarding "maturity date" within G.L. c. 260, §33, specifically means the "date when the debt falls due", see Deutsche Bank N.T. Co., et al v. Fitchberg Capital, LLC, 471 Mass. 248, 254 (2015).

38. It is indisputable that the "maturity date" of a note may be "advanced", "because the act of acceleration advances the maturity of the debt", see Yared v. Feerreira, 32 Mass. App. Ct. 328, 330 (1992).

39. See also *Fitchberg*, at 471 Mass. 248, 254, "it has long been recognized thata mortgage ultimately depends upon the the underlying debt for its enforceability [quoting Eaton v. Fed. Nat' Mtg, 462 Mass. 569, 576, 578, n. 11 (2012).

40. Therefore at the time of the August 28, 2008 "acceleration" of Debtor's Note, the legislative changes shortening the statute of limitations for an obsolete mortgage down to five years was know law to Deutsche Bank.

41. Deutsche Bank, not any of its agents chose to enforce the security instrument, or file any extension as required under G.L. c. 260, §33.

42. G.L. c. 260, §33 is a self-operating, strict liability statute, in that after the time fram described within the statute, if the Security Instrument is not enforced, and no extension is filed, there is nothing further required, and the Mortgage is deemed to be obsolete and legally ineffective as a matter of law, see G.L. c. 260, §33.

43. Where the mortgage is deemed to be obsolete, the Defendant would be left with a right to collect on the Note solely.

44. Under G.L. c. 106, §3-118(a), there is a six (6) year statute of limitations from the maturity date of the note, or its accelerated date.

45. The above statute gives credence to Debtor's argument under G.L c. 260, §33, regarding

the fact that the "maturity date" of the Note may be "advanced to its accelerated date flr purposes of the Obsolete Mortgage statute.

WHEREFORE the debtor respectfully requests that pursuant to §506(d); that the proof of claim submitted under Claim 1-1, be disallowed. And further that the Court find that the Mortgage is Obsolete and void under the statute of limitations as set forth under G.L. c. 260, §33. Further, where the claim would be left only as an attempt to collect on the Note, that the six year statute of limitations has run from the "acceleration date", and would bar collection of the Note, under authority of G.L. c., §3-118(a), and therefore this claim be disallowed as well. Therefore Debtor respectfully requests that the proof of claim under Claim 1-1, filed by Deutsche Bank National Trust Company as Trustee for The Soundview Home Loan Trust2005-OPT4, Asset Backed Certificates, Series OPT4 be disallowed, and grant her any such other or different relief as may be appropriate, including attorney fees and costs

March 30, 2018

                                         Respectfully submitted,
                                         Elizabeth Doris-Gustin
                                         By her attorney

                                         /s/ Glenn F. Russell, Jr.
                                         Glenn F. Russell, Jr., Esq.
                                         38 Rock Street, #12
                                         Fall River, MA  02720
                                         (508) 324-4545
                                         BBO# 656914

## CERTIFICATE OF SERVICE

I, Glenn F. Russell, Jr., hereby certify that on February 28, 2018, I served a true copy of the foregoing Motion to Extend Time to Comply With This Court's Order to Update, by the ECF/CM System, on the parties listed below:

John Fitzgerald, Assistant U.S. Trustee
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

Carolyn Bankowski, Trustee
Chapter 13-12 Trustee Boston
P. O. Box 8250
Boston, MA 02114
617-723-1313

Marcus Pratt, Esquire
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102 Lowell, MA 01851
Tel: (978) 256-1500


/s/Glenn F. Russell, Jr
Glenn F. Russell, Jr